# JULY TERM, 1873.

PRESENT—HON. S. A. KINGMAN, CHIEF JUSTICE.
HON. D. M. VALENTINE, } ASSOCIATE JUSTICES.
HON. D. J. BREWER,

## UNION PACIFIC RLY. CO. V. WILLIAM A. SIMPSON.

RECORD; *Transcript; Authentication; Practice.* A transcript of the record
of proceedings in the district court must be authenticated by the signature
of the clerk of such court.

*Error from Douglas District Court.*

SIMPSON brought ejectment against the *U. P. Rly Co., E. D.*,
in 1868, to recover the possession of certain lands in Douglas
county. The action was tried at the February Term 1870.
Verdict and judgment for *Simpson,* and the *Railway* brings
the case here on error. The proceedings in this court are
stated in the opinion.

*Usher, Shannon,* and *Hutchings,* for plaintiff in error.

*H. M. Simpson, Nelson Cobb,* and *W. W. Nevison,* for defend-
ant in error.

The opinion of the court was delivered by

BREWER, J.: The petition in error in this case must be
dismissed because there is attached to it no properly authen-
ticated record of any proceedings, order, or judgment. No
transcript of any kind was filed with the petition in error,
but in July 1870, for reasons not now necessary to consider,
an order was made in this court giving to the plaintiff in
error the right to file a transcript of the proceedings sought
to be reversed at any time before the first day of the succeed-
ing term. In accordance with this leave, and within the
time prescribed, a record was filed purporting on its face to

30—11 KAS.

be a copy of the pleadings and proceedings in a case between these parties in the district court of Douglas county, and of a bill of exceptions and case made filed in such case.  To this record a properly prepared certificate is attached, but such certificate is not signed by the clerk of the district court.  It is not therefore authenticated in such manner as to render it available in this court.  It may be a mere oversight which can be corrected without delay or trouble, yet in view of what has been brought to our knowledge by the proceedings in this case, as well as by the record in a subsequent case between the same parties, it seems more than probable that the clerk's signature is intentionally withheld.  But at any rate, whichever may be the fact, as the record now stands there is nothing for us to act on, and the petition in error must be dismissed.  Civil code, §§ 546, 550, 303; ch. 86, Laws of 1870, § 2, p. 169.

All the Justices concurring.